R AND J PARTNERS, ROBERT M. NALLEY, TAX MATTERS PARTNER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
R & J Partners v. Comm'r
Docket No. 7166-06
United States Tax Court
2009 U.S. Tax Ct. LEXIS 45; October 23, 2009, Entered
*45 Diane L. Kroupa, Judge.
Diane L. Kroupa
ORDER AND DECISION
This case is one of two related cases before the Court on petitioner's motion for summary judgment filed on November 19, 2008.[1] The Court must decide whether the notice of final partnership administrative adjustment (FPAA) challenged in the petition was untimely because it was sent more than three years after the due date of the return for the year in issue or was timely because it was sent within the 6-year extended limitations period provided by section 6501(e) (1) (A).[2] While this Court's rulings have been consistent concerning similar matters, respondent asserts a Fifth Circuit decision presents a challenge to this Court's precedent. Compare Bakersfield Energy Partners, LP v. Commissioner, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009), and Phinney v. Chambers, 392 F.2d 680 (5th Cir. 1968).
Background
On *46 January 13, 2006, respondent mailed the FPAA with respect to the 1998 taxable year to R and J Partners (the partnership) proposing, among other things, a $7,785,914 increase in the net long-term capital gain amount that the partnership reported on its partnership return. Respondent claimed that the partnership overstated the basis in stocks it sold thus creating an understatement of income. The tax matters partner brought this suit to contest the adjustments made in the FPAA. Petitioner moved for summary judgment on the grounds that respondent issued the FPAA after the prescribed limitations period.
Both parties agree that the facts are not in dispute, and therefore this case is ripe for summary judgment. See Rule 121. We begin with the parties' arguments regarding the limitations period.
Discussion
Respondent concedes that he issued the FPAA after the general 3-year limitations period expired. See secs. 6501(a), 6503(a), 6229(a). Respondent argues nonetheless that this Court maintains jurisdiction because a basis overstatement by the partnership extends the limitations period for assessing tax under either section 6229(c)(2) or section 6501(e)(1)(A). Respondent admits there was no such *47 omission in the partnership's tax return for 1998, but claims that the partnership omitted gross income by understanding $7,785,648 of gain from its return. He therefore argues the FPAA was timely because the alleged understatement of gain on the partnership's return extended the partnership's limitations period to six years. Petitioner counters that Bakersfield v. Commissioner, supra, controls this case, and asserts that even if the partnership overstated its basis, that alone is not an omission from gross income.
Respondent does not argue that this case is distinguishable from Bakersfield but argues that Bakersfield was wrongly decided and that, in any event, the opinion of the Court of Appeals for the Fifth Circuit in Phinney v. Chambers, supra, is controlling here, because this case is appealable to the Court of Appeals for the Fifth Circuit. We disagree.
We have consistently held that a basis overstatement is not an omission from gross income. See Bakersfield Energy Partners, LP v. Commissioner, supra at 213-215. We applied the Supreme Court's holding in Colony, Inc. v. Commissioner, 357 U.S. 28, 78 S. Ct. 1033, 2 L. Ed. 2d 1119, 1958-2 C.B. 1005 (1958) and stated that the extended limitations period applies where "specific income *48 receipts have been 'left out' in the computation of gross income and not when an understatement of gross income resulted from an overstatement of basis." Bakersfield Energy Partners, LP v. Commissioner, supra at 213 (paraphrasing Colony, Inc. v. Commissioner, supra).
The Court of Appeals for the Ninth Circuit affirmed our opinion in Bakersfield Energy Partners, LP v. Commissioner, 568 F.3d 767 (9th Cir. 2009). The Court of Appeals for the Federal Circuit also recently held that Colony controlled the disposition of a section 6501(e) (1) (A) case involving a basis overstatement. Salman Ranch Ltd. v. Commissioner, 573 F.3d 1362, 1377 (Fed. Cir. 2009); see also Intermountain Ins. Service of Vail, LLC v. Commissioner, T.C. Memo. 2009-195; Beard v. Commissioner, T.C. Memo. 2009-184. These cases have all concluded that mere understatement of income does not trigger the extended period of limitations.
We conclude that Phinney v. Chambers is not controlling. ThePhinney court found that the 6-year statute of limitations applied to the taxpayer because she misstated the nature of that item of income. Unlike Phinney, petitioner's disclosure contains no misstatement of the nature of items of income *49 that would place respondent "at a special disadvantage in detecting errors." The Commissioner could not identify the transaction in issue in Phinney because the taxpayer completely omitted the installment sale income from the return. Here, there is no improper labeling or misidentification. The partnership completely reported the transaction including the gross receipts, the cost or basis, and the net gain. The partnership also notified respondent that a section 754 election had been made. These disclosures did not mislead respondent or place him at a special disadvantage in detecting the error he alleges occurred. As a result, Phinney does not persuade this Court to overrule Bakersfield or to read any other limitations into Colony.
We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit. We conclude that 6-year extended limitations period provisions do not apply here because neither the partnership nor its partners omitted income from their returns. We therefore find that the limitations period for assessing tax against petitioner has passed.
Upon further consideration and for cause, *50 it is
ORDERED that Petitioner's Motion for Summary Judgment, filed November 19, 2008, is granted. It is further
ORDERED AND DECIDED that the adjustments set forth in the notice of final partnership administrative adjustment (FPAA), which is the basis of this case, are barred by the 3-year limitations period in section 6501(a).
(Signed) Diane L. Kroupa Judge
Entered: OCT 23 2009
Footnotes
1. The parties have agreed that the Court's decision here will be binding on Smithdale Partners v. Commissioner↩, Docket No. 7165-06.
2. All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩